JOSEPH D. MCCORMACK, Corporation Counsel, Ozaukee County
You have requested my opinion on the following question:
 "Does Wisconsin Statute 59.968 (3) permit a county board to provide a subsidy to a private bus company that operates a bus route that principally serves residents of that county, but whose principal volume of business is outside of that county?"
You have advised me that approximately 70 percent of the passengers on this interurban route, which serves the suburbs of Milwaukee County along with Port Washington and other communities of Ozaukee County, are residents of Ozaukee County; that said route only constitutes about 5 percent of the bus company's total volume of business; that the company is operating the route at a monthly loss of $2,400.00 and that abandonment of the route is being sought, but that such course of action will not be pursued if the county provides a monthly subsidy of $2,000.00.
Section 59.968 (3), Stats., authorizes any county board to:
 "Make grants and provide subsidies to private transit companies operating bus lines principally within the county to stabilize, preserve or enhance levels of transit service to the public."
There is no clear indication of what the legislature intended by the language "private transit companies operating bus lines principally within the county." The statutory language is ambiguous and susceptible of two constructions depending upon whether "principally within the county" refers to "private transit companies" or to "bus lines."
If "principally within the county" refers to "private transit companies," then a county could grant subsidies only to those companies whose principal business is within that county. If, on the other hand, "principally within the county" modifies "bus lines," the county could provide subsidies to a company which operates a line which is "principally" located within that county. In my opinion, the latter construction is correct. *Page 193 
The stated purpose of the statute is to "preserve or enhance levels of transit service." Statutes should be construed to effect the evident purpose of the legislation. Pella Farmers Mut.Ins. Co. v. Harland Richmond Town Ins. Co. (1965), 26 Wis.2d 29,41, 132 N.W.2d 225. The obvious purpose of the statute in question is to maintain and promote mass transportation. The statute involves county powers and has reference to county boundaries. Surely, the legislature had in mind that transit companies serving such large political areas normally operate in geographic areas that extend beyond the boundaries of the county. A narrow interpretation of the statute, allowing subsidies only to transit companies which have their principal volume of business within the county, would frustrate the stated legislative intent because few transit companies would qualify for the subsidies.
Further, there is some grammatical support for the argument that "principally within the county" attaches to the nearest logical noun — in this case, to "bus lines."
In statutory construction, the plural includes the singular. Sec. 990.001 (1), Stats. Thus, within sec. 59.968 (3), "bus lines" may be read as "bus line." Therefore, in my opinion, the county may grant a subsidy to a bus company when the company operates a bus line which is principally located in the county.
The question remains as to how the words "principally within the county" should be interpreted. Arguments can be made to suggest that "principally" should be determined by comparing the length of the route in the county to its overall length, by comparing the number of county passengers with total passengers, or by combining both length and number of passengers to arrive at a passenger-miles standard.
It is doubtful that the legislature intended to place on county government any sort of mechanical or quantitative formula under which its legislative discretion was to be exercised. The guideline "principally within the county" is provided, and it is within the discretion of each county board to determine whether a route qualifies for the county subsidy. Such factors as length of the route or routes in the county, number of passengers to be benefitted, and volume of business in the county concern the *Page 194 
wisdom of exercising legislative discretion but do not necessarily affect the basic statutory authority to exercise such discretion.
BCL:CAB